**Franklin Mickell BIRCH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–CA–001564–MR.

Court of Appeals of Kentucky.

March 17, 2006.

Discretionary Review Denied by Supreme Court Oct. 12, 2006.

Gene Lewter, Lexington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, for appellee.

Before MINTON and VANMETER, Judges; MILLER, Senior Judge.[1]

## OPINION

MINTON, Judge.

Incident to an arrest on an outstanding warrant, the police searched Franklin Birch and found crack cocaine in his hand. In this appeal, Birch contends that the illegal nature of his seizure requires suppression of the evidence of the crack cocaine. But we hold that regardless of the potential illegality of the police officer's initial contact with Birch, the outstanding arrest warrant was an independent, untainted ground for the arrest. Therefore, the cocaine discovered in the search incident to that arrest was obtained lawfully.

Following his indictment for possession of cocaine, Birch moved to suppress the cocaine, arguing that the search that uncovered this evidence was illegal. The trial court held a suppression hearing, at which the only witness for the Commonwealth was Officer Jason Freeman, a Lexington Metro policeman.

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Freeman testified that he and other officers were present at an apartment complex in an area known for drug usage and trafficking when they noticed two people standing in the breezeway of the apartment building. The officers approached these people to ascertain why they were present at the apartment, but the people were evasive about the nature and purpose of their presence there. During that conversation with the officers, Birch entered the breezeway; and one of the other two individuals identified Birch as "Franklin" and said that she had come to visit him.

Birch walked away from the officers, but Freeman hailed him and began to question him. Birch was cooperative and told Freeman that he recognized the woman who had spoken to him in the breezeway but that she was not visiting him. During Freeman and Birch's conversation, Birch entered his apartment. Freeman then asked Birch if he could enter the apartment. Birch did not say no, but he made a gesture that Freeman interpreted as consent for him to enter. Freeman then asked Birch for identification, ostensibly for his notes; but Birch stated he had no picture identification. Instead, Birch told Freeman his name, after which Freeman ran Birch's name through the police database. At that point, Freeman discovered that Birch had an outstanding arrest warrant for failure to appear in court. Freeman then arrested Birch and conducted a search incident to that arrest, during which he discovered approximately six grams of crack cocaine in Birch's hand.

Birch also testified at the hearing. According to him, he refused Freeman's request to enter his apartment. Birch also testified that he believed that he was not free to leave at any time during his conversation with Freeman. Birch did acknowledge that an outstanding warrant for failure to appear had been lodged against him.

At the close of the hearing, the trial court made oral findings. Specifically, the court found that Birch's providing his name to Freeman led to the discovery of the outstanding warrant, which led to the arrest, which, in turn, led to the discovery of the cocaine. The court made no specific findings as to whether Birch had been improperly seized by Freeman before the arrest because the discovery of the warrant was an intervening event that cured the taint of the seizure even if that seizure were improper. Thus, the trial court denied Birch's motion to suppress. Birch later entered a conditional guilty plea under Kentucky Rules of Criminal Procedure (RCr) 8.09, reserving the right to appeal the trial court's decision to deny his motion to suppress.

■ The scope of our review of the trial court's denial of a motion to suppress is clear. "First, the factual findings of the court are conclusive if they are supported by substantial evidence. The second prong involves a *de novo* review to determine whether the court's decision is correct as a matter of law." [2]

■ On appeal, Birch contends that since Freeman did not have reasonable, articulable suspicion that he was engaged in criminal activity, he was unlawfully seized during the course of his questioning by Freeman.[3] Birch argues that this im-

---

**2.** *Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky.App.2000) (internal footnote omitted).

**3.** *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (holding that a police officer may make a brief investigatory stop if he has reasonable, articulable suspicion that criminal activity is afoot).

proper seizure tainted his arrest and resulting search. In other words, as we construe Birch's argument, he contends that if not for the allegedly improper seizure, the officers would not have learned that an outstanding warrant for his arrest existed, and if not for his arrest on that warrant, the crack cocaine would not have been discovered. So Birch contends that the trial court should have granted his motion to suppress the cocaine.

The facts found by the trial court are generally not in dispute. Thus, they are conclusive. But to the extent that any facts as related earlier in this opinion are in dispute—such as whether Birch gave Freeman permission to enter Birch's apartment—we shall consider those facts in a light most favorable to Birch.

■ We find no error in the trial court's application of the law. Contrary to Birch's argument, the United States Supreme Court "has rejected a 'but for' test when determining whether an 'intervening circumstance' is sufficient to dissipate the taint caused by prior unlawful conduct on the part of the police."[4] Rather, we have previously held that "a valid arrest may constitute an intervening event that cures the taint of an illegal detention sufficient to rebut the application of the exclusionary rule to evidence recovered in a search incident to an arrest."[5] Kentucky is not alone in adopting this rule. In fact, several other courts have also adopted the rule that a valid arrest, such as one incident to a valid, outstanding warrant, is a sufficiently independent, untainted justification for the arrest and concomitant search.[6]

We adopt the opinion of our sister court in Alaska as the best summation of this rule:

> If, during a non-flagrant but illegal stop, the police learn the defendant's name, and the disclosure of that name leads to the discovery of an outstanding warrant for the defendant's arrest, and the execution of that warrant leads to the discovery of evidence, the existence of the arrest warrant will be deemed an independent intervening circumstance that dissipates the taint of the initial illegal stop vis-à-vis the evidence discovered as a consequence of a search incident to the execution of the arrest warrant.[7]

The evidence was conflicting as to whether Birch gave Freeman permission to enter his dwelling. It is a well-settled legal principle that the trial court, as the finder of fact, has the discretion as to which testimony to believe. And it is quite possible that the trial court could have reasonably concluded that Birch consented to Freeman's entry into the apartment, thereby negating any illegality involved in Birch's "seizure." But because the ultimate outcome of this case does not depend on a finding as to the legality of Freeman's entering Birch's dwelling, we need not resolve the issue of whether Freeman illegally seized Birch. In fact, we will assume, for purposes of this appeal, that Birch was improperly seized when Freeman questioned him inside Birch's dwelling.

It is uncontested that the warrant for Birch's arrest was valid. Furthermore, there is no indication that Freeman's encounter with Birch was unduly lengthy or

4. *Hardy v. Commonwealth,* 149 S.W.3d 433, 435 (Ky.App.2004) (quoting *United States v. Ceccolini,* 435 U.S. 268, 276, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978)).

5. *Baltimore v. Commonwealth,* 119 S.W.3d 532, 541 n. 37 (Ky.App.2003) (citing *United States v. Green,* 111 F.3d 515 (7th Cir.1997)).

6. *See, e.g., McBath v. State,* 108 P.3d 241, 246 (Alaska Ct.App.2005) (collecting and citing cases on point from Illinois, Kansas, Texas, Indiana, etc.).

7. *Id.* at 248.

that Freeman—or other officers—engaged in dilatory tactics while running Birch's name through the law enforcement database. So the seizure, illegal though we will presume it to be, is not so flagrant as to destroy the independent, untainted nature of the arrest warrant pending against Birch. Consequently, we hold that the trial court correctly ruled that the arrest warrant pending against Birch removed any taint of the allegedly illegal seizure in this case. Therefore, we affirm.

ALL CONCUR.